UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAMAR JOHNSON,

                                  Plaintiff,

       - v -                                             9:22-CV-747
                                                                  (AMN/DJS)
C.O. N. PHILLIPS, *et al.*,

                                  Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

KAMAR JOHNSON
Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. LETITIA JAMES                    NICHOLAS W. DORANDO, ESQ.
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

*Pro se* Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated at

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

- 1 -

Clinton Correctional Facility. *See* Dkt. No. 1, Compl. Pursuant to Federal Rule of Civil Procedure 56, Defendants filed a Motion for Summary Judgment seeking dismissal of the Complaint. Dkt. No. 21. Plaintiff opposes the Motion. Dkt. No. 27, Pl. Resp. For the reasons below, the Court recommends Defendants' Motion be **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

On March 4, 2022, Plaintiff was incarcerated at Clinton Correctional Facility for first degree assault and robbery. Compl. at p. 4; Dkt. No. 21-5, Pl. Dep. at p. 23.[2] That day, Plaintiff was randomly selected for a pat frisk conducted by Defendant Phillips. Compl. at p. 4; Dkt. No. 21-3, Phillips Aff., at ¶¶ 7-8. During the pat frisk, Plaintiff was ordered to "place his hands on the wall and not move." Phillips Aff. at ¶ 8. Despite this order, Plaintiff removed his hands from the wall twice, as captured on surveillance video ("Video"). Dkt. No. 21-2, Video at 00:46-00:49, 01:34-01:37; Phillips Aff. at ¶¶ 9, 11. Plaintiff claims he removed his hands from the wall in protest of Defendant Phillips sexually molesting him during the pat frisk. Compl. at p. 4; Pl. Dep. at pp. 44, 62-63.

The first time Plaintiff's hand moved from the wall, Defendant Phillips placed Plaintiff's hand back on the wall and continued the pat frisk. Phillips Aff. at ¶ 9; Video at 00:46-00:49. The second time, Defendant Phillips and several unidentified corrections

---

[2] Citations are to the page numbers provided by the Court's CM/ECF system.

- 2 -

officers exerted force to "secure the Plaintiff, obtain Plaintiff's compliance, and restore discipline." Phillips Aff. at ¶ 11; Video at 01:34-02:46. Once order was restored, Plaintiff was taken to Clinton's infirmary where a strip frisk was conducted by Defendant Goff. Dkt. No. 21-4, Goff Aff., at ¶ 7. During the strip frisk, Defendant Goff discovered "contraband on Plaintiff's person." *Id.* at ¶ 6. The contraband was then confiscated, and Plaintiff was issued a misbehavior report. *Id.* at ¶¶ 9-10.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To defeat a motion for summary judgment, the non-movant must set out specific facts showing that a genuine issue exists and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case.").

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [their] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendants seek summary judgment on three grounds: (1) qualified immunity bars suit against Defendant Phillips; (2) Defendant Goff was not personally involved in the alleged use of force; and (3) the action against three unidentified "Doe" Defendants should be dismissed for failure to effect service. Dkt. No. 21-6, Defs.' Mem. at pp. 5-10. As detailed below, the Court recommends granting summary judgment on Plaintiff's claims against Defendant Goff and the Doe Defendants only.

### A. Plaintiff's Claims Against Defendant Phillips

Issues of material fact preclude summary judgment on Plaintiff's excessive force and sexual assault claims against Defendant Phillips.

### *1. Excessive Force*

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This includes punishment that "involve[s] the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To succeed on his Eighth Amendment excessive force claim, Plaintiff must show: (1) subjectively, that the defendant acted wantonly and in bad faith and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotation marks omitted). The key inquiry in an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). However, qualified immunity shields a defendant from liability where it is "objectively reasonable for [the defendant] to believe that his acts did not violate [the plaintiff's] rights." *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987).

"Excessive force claims frequently involve factual disputes that make them difficult to resolve [on] summary judgment." *Savage v. Acquino*, 2018 WL 1478254, at

*7 (W.D.N.Y. Mar. 23, 2018). In response to Plaintiff's movement during his pat frisk, Defendant Phillips claims he "used hand holds in an attempt to gain control of the Plaintiff." Phillips Aff. at ¶ 13. The Video clearly shows that a use of force occurred. Video at 01:36-01:40. Defendant Phillips contends that force was exerted in response to Plaintiff "resist[ing] apprehension." *Id.*; Phillips Aff. at ¶ 13. Plaintiff denies this allegation. Pl. Dep. at p. 45. As a result of the use of force, Plaintiff suffered facial bruising, chest pain that persists today, and required stitches. Compl. at p. 4. Whether the force exerted was excessive remains an issue of fact.

*2. Sexual Assault*

Likewise, issues of fact preclude summary judgment on Plaintiff's sexual assault claim.

"Because sexual abuse [of a prisoner] by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997). "[T]he principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk . . . or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Delee v. Hannigan*, 729 F. App'x 25, 29 (2d Cir. 2018) (internal quotation marks omitted). "But the routine nature of . . . pat frisks alone does not shield an officer from liability." *Hayes v. Dahlke*, 976 F.3d 259, 275-76 (2d Cir. 2020) (reversing grant of summary judgment where a

factual dispute remained regarding whether a corrections officer sexually touched the plaintiff during a pat frisk).

Plaintiff asserts that during his pat frisk, Defendant Phillips sexually assaulted Plaintiff by "touch[ing] [his] buttocks and grab[bing] [his] penis" multiple times. Compl. at p. 4. In fact, Plaintiff claims that he only moved his hands during the pat frisk "to grab [Defendant Phillips'] hands from off [of his] penis." Pl. Dep. at p. 44; *see also* Pl. Resp. at p. 3. Defendant Phillips denies all allegations of sexual abuse, asserting that he conducted the pat frisk "in a professional manner . . . in accordance with [his] training" and had no "direct contact with the Plaintiff's genitalia or private area." Phillips Aff. at ¶ 12. The Video before the Court does not substantiate either story.

The Video clearly shows Defendant Phillips conducting a pat frisk on Plaintiff. *See generally* Video; Phillips Aff. at ¶ 8. However, the Video only shows that Defendant Phillips made contact with Plaintiff's lower body during the pat frisk. Video at 00:51-01:36. The manner in which Defendant Phillips touched Plaintiff is not discernible because an unidentified corrections officer blocked the camera's view of Plaintiff's lower body. *Id.* Plaintiff's allegations, "if believed, could certainly support an inference that [Defendant Phillips] engaged in conduct beyond what was required for a pat search in order to 'gratify [his] sexual desire' or 'humiliate'" Plaintiff. *Hayes v. Dahlke*, 976 F.3d at 275 (quoting *Crawford v. Cuomo*, 796 F.3d 252, 254 (2d Cir. 2015)). Given the unclear record and disputed versions of events, "the ultimate resolution of who is telling the truth

. . . must be made by a jury, since there are clearly disputed issues of fact and credibility determinations that cannot be made by a court on a motion for summary judgment." *Id.* at 276.

Having concluded that issues of fact remain regarding both of Plaintiff's claims against Defendant Phillips, the Court cannot determine on this Motion whether qualified immunity insulates Defendant Phillips from liability, as that inquiry is also fact dependent. *See Jones v. Parmley*, 465 F.3d 46, 62-63 (2d Cir. 2006). Under the circumstances presented, the Court recommends that summary judgment on this ground be denied.

## B.  Plaintiff's Claims Against Defendant Goff

Plaintiff's excessive force and failure to intervene claims against Defendant Goff should be dismissed.

To survive summary judgment, Plaintiff must "raise a genuine dispute" regarding whether Defendant Goff personally violated Plaintiff's constitutional rights. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016); *see also Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014) ("If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant."). Personal involvement requires "intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001).

Here, Plaintiff did not plead facts alleging Defendant Goff's involvement in the alleged use of force. In his Complaint, Plaintiff alleges that Defendant Goff physically assaulted him alongside Defendant Phillips. Compl. at p. 4. However, after reviewing the Video, Defendants Goff and Phillips both assert that Defendant Goff was not present during Plaintiff's pat frisk or the use of force. Goff Aff. at ¶ 5; Phillips Aff. at ¶ 21. The record supports Defendants' assertion. Defendant Goff's interaction with Plaintiff "was limited to a frisk of the Plaintiff, conducted following [the] documented use of force." Goff Aff. at ¶ 6. During that frisk, Defendant Goff discovered a "sharpened toothbrush handle . . . tied to the Plaintiff's penis." Goff Aff. at ¶ 8; Pl. Dep. at p. 55. The weapon was then confiscated, and Plaintiff was issued a misbehavior report. Goff Aff. at ¶¶ 9-10. At his deposition, Plaintiff conceded: "I don't know if [Defendant Goff] was there when they [were] assaulting me. I'm not sure." Pl. Dep. at p. 63. Doubling down on his uncertainty, Plaintiff stated: "I'm not [one] hundred percent sure if [Defendant Goff] was [present during the use of force], but since he wrote a ticket, I put him in [the Complaint] anyway." *Id.* at p. 64.

Plaintiff's "[c]onclusory allegations [are] not sufficient to defeat" the Defendants' Motion.[3] *Scott v. Coughlin*, 344 F.3d at 287. Therefore, the Court recommends that summary judgment on this ground be granted.

---

[3] In Plaintiff's Response to Defendants' Motion, he asserts that he "believe[s]" Defendant Goff was present when Plaintiff was physically assaulted a second time "off camera in the hospital room." Pl. Resp. at p. 5. The Court will not consider this allegation because Plaintiff "may not raise a claim . . . for the first time in summary judgment

- 9 -

### C. Plaintiff's Claims Against the Doe Defendants

Finally, Plaintiff asserts excessive force and failure to intervene claims against three Doe Defendants. Compl. at pp. 3, 5.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). Dismissal is warranted where a plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay." *Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007); *see also Tolchin v. Cnty. of Nassau*, 768 F. App'x 60, 61-62 (2d Cir. 2019) (affirming dismissal pursuant to Rule 4(m) where plaintiffs did not properly serve defendants until "more than 16 months after the complaint was filed").

Here, Plaintiff's Complaint was filed on July 15, 2022. Plaintiff's time to complete service expired ninety days later. To date, over one year later, Plaintiff has not served the Doe Defendants nor amended his Complaint. Discovery closed on April 14, 2023. Dkt. No. 13. Therefore, Plaintiff has no further opportunity to obtain discovery aiding in

---

briefing." *Pope v. Cnty. of Albany*, 2014 WL 316703, at *10 (N.D.N.Y. Jan. 28, 2014) (citing *George v. Reisdorf Bros., Inc.*, 410 F. App'x 382, 384 n.2 (2d Cir. 2011)).

identification of the Doe Defendants. Moreover, Plaintiff did not request an extension of the service deadline or put forth an excuse for his failure to serve the Doe Defendants. *See generally* Pl. Resp. Thus, the Court recommends that the action against the Doe Defendants be dismissed.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 21) be **GRANTED** in part and **DENIED** in part; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: December 8, 2023
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).