**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KAMAR JOHNSON,

                              Plaintiff,

       v.                                                    9:22-cv-747 (AMN/DJS)

C.O. N. PHILLIPS, *et al.*,

                              Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**KAMAR JOHNSON**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff, *pro se*


**HON. LETITIA JAMES**                              **NICHOLAS W. DORANDO, ESQ.**
Attorney General of the State of New York           Assistant Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

## I.    INTRODUCTION

       On July 15, 2022, Plaintiff *pro se* Kamar Johnson ("Plaintiff") commenced this action

pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting claims arising out of his confinement in

the custody of the New York State Department of Corrections and Community Supervision

("DOCCS") at Clinton Correctional Facility ("Clinton C.F.") against Correction Officers

("C.O.s") Noah Phillips ("C.O. Phillips") and Matthew Goff ("C.O. Goff," and collectively

"Named Defendants"), and Sergeant John Doe ("Sgt. Doe"), C.O.s John Doe 1, and John Doe 2

(collectively the "Doe Defendants").  Dkt. No. 1[1] (the "Complaint").[2]  Specifically, Plaintiff

alleges that on March 4, 2022, during a pat frisk, C.O. Phillips sexually molested him, and when

he protested, C.O. Phillips, C.O. Goff, John Doe 1, and John Doe 2 used excessive force against

him, and Sgt. Doe was present and failed to intervene.  *Id.* at 4-5.[3]  Plaintiff sought leave to proceed

*in forma pauperis* ("IFP"), which was granted.  Dkt. Nos. 2, 6.[4]

On July 28, 2023, Defendants moved for summary judgment seeking dismissal of the

Complaint in its entirety pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R.

Civ. P.").  Dkt. No. 21 (the "Motion").[5]  Plaintiff opposed the Motion.  Dkt. No. 27 ("Opposition").

On December 8, 2023, United States Magistrate Judge Daniel J. Stewart issued a Report-

Recommendation and Order recommending that the Court grant Defendants' Motion as to

Plaintiff's claims against C.O. Goff and the Doe Defendants and deny Defendants' Motion as to

the claims against C.O. Phillips.  Dkt. No. 29 (the "Report-Recommendation").  Magistrate Judge

Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to

file written objections and that failure to object to the Report-Recommendation within that time

---

[1] Citations to court documents utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

[2] For a complete recitation of the facts in Plaintiff's Complaint, the parties are referred to the Report-Recommendation.  *See* Dkt. No. 29 at 2-3.

[3] Plaintiff's Complaint asserted the following Eighth Amendment claims: (1) sexual assault against C.O. Phillips; (2) excessive force against the Named Defendants, John Doe 1, and John Doe 2; and (3) failure to intervene against C.O. Goff and the Doe Defendants.  Dkt. No. 1 at 5.

[4] After an initial review of the Complaint, the Court found that Plaintiff's claims survived and required a response.  Dkt. No. 6 at 8.  The Court also ordered that "[P]laintiff shall take reasonable steps through discovery to ascertain the identity of [D]efendants Sgt. Doe and John Does 1 and 2." *Id.* at 11.

[5] Defendants moved for summary judgment on three grounds: "(1) qualified immunity bars suit against [C.O.] Phillips; (2) [C.O.] Goff was not personally involved in the alleged use of force; and (3) the action against [the Doe Defendants] should be dismissed for failure to effect service." Dkt. No. 29 at 4 (citing Dkt. No. 21-6 at 7-12).

would preclude appellate review. *Id*. at 12. Neither party has filed objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

A district court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, the court reviews a report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).

 "[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972), additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

As no party has filed objections to the Report-Recommendation, this Court reviews the Report-Recommendation for clear error.

Magistrate Judge Stewart first concluded that there are issues of material fact which preclude summary judgment on Plaintiff's Eighth Amendment excessive force and sexual assault

claims against C.O. Phillips.  Dkt. No. 29 at 5-8.  As to Plaintiff's excessive force claim, Magistrate Judge Stewart found that while video of the incident[6] "clearly shows that a use of force occurred," issues of fact remain as to whether the force was used "to gain control" of Plaintiff because he was "resisting apprehension" or whether "the force exerted was excessive."  *Id.* at 5-6 (citing Dkt. No. 21-2 at 01:36-01:40; Dkt. No. 21-3 at ¶ 13; Dkt. No. 21-5 at 44-45).  As to Plaintiff's sexual assault claim, Magistrate Judge Stewart found that because the video "only shows that [C.O.] Phillips made contact with Plaintiff's lower body during the pat frisk," and because of the "unclear record and disputed version of events," an issue of fact remains as to whether C.O. Phillips "engaged in conduct beyond what was required for a pat search in order to gratify [his] sexual desire or humiliate Plaintiff."  *Id.* at 7-8 (quoting *Hayes v. Dahlke*, 976 F.3d 259, 275 (2d Cir. 2020)) (internal quotation marks and citation omitted) (citing Dkt. No. 21-2 at 00:51-01:36; Dkt. No. 21-3 at ¶ 12; Dkt. No. 21-5 at 44; Dkt. No. 27 at 3).

Magistrate Judge Stewart further concluded that because issues of fact remain as to Plaintiff's Eighth Amendment claims against C.O. Phillips, "the Court cannot determine on this Motion whether qualified immunity insulates [C.O.] Phillips from liability."  *Id.* at 8 (citing *Jones v. Parmley*, 465 F.3d 46, 62-63 (2d Cir. 2006)).  As a result, Magistrate Judge Stewart recommended that the Motion be denied as to Plaintiff's claims against C.O. Phillips.

Next, Magistrate Judge Stewart concluded that Plaintiff did not plead facts alleging that C.O. Goff was "personally involved" in violating Plaintiff's constitutional rights.  *Id.* at 8 (citing, *inter alia*, *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016)).  Magistrate Judge Stewart noted, after reviewing the video, that both C.O. Goff and C.O. Phillips assert that C.O. Goff was "not

---

[6] Defendants submitted security camera footage from the Clinton C.F. Horseshoe, dated March 4, 2022, as Exhibit "B" to the Declaration of Lieutenant Bruce Shutts.  *See* Dkt. No. 21-2.

present during Plaintiff's pat frisk or the use of force," *see* Dkt. No. 21-3 at ¶ 21; Dkt. No. 21-4 at ¶ 5, and C.O. Goff's interaction with Plaintiff "was limited to a frisk of the Plaintiff, conducted following [the] documented use of force," *see* Dkt. No. 21-4 at ¶ 6. Dkt. No. 29 at 9. Magistrate Judge Stewart also noted that Plaintiff made only "conclusory allegations" during his deposition testimony that C.O. Goff was present during the excessive force incident, which were insufficient to establish his personal involvement. *Id.* (citing *Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003)); *see also* Dkt. No. 21-5 at 63-64 (Plaintiff testified that he did "not know" and was not "[one] hundred percent sure" if C.O. Goff was present during the excessive force incident). As a result, Magistrate Judge Stewart recommended that Plaintiff's claims against C.O. Goff be dismissed. Dkt. No. 29 at 8-9.[7]

Finally, Magistrate Judge Stewart noted that Plaintiff failed to serve the Doe Defendants within 90 days after the Complaint was filed, *see* Fed. R. Civ. P. 4(m), request an extension of the service deadline, or "put forth an excuse for his failure to serve the Doe Defendants." *Id.* at 10-11 (citing *Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007); *Tolchin v. Cnty. of Nassau*, 768 F. App'x 60, 61-62 (2d Cir. 2019)). Magistrate Judge Stewart concluded that because discovery closed on April 14, 2023, "Plaintiff has no further opportunity to obtain discovery aiding in identification of the Doe Defendants." *Id.*[8] As a result, Magistrate Judge Stewart recommended dismissing Plaintiff's Complaint as to the Doe Defendants. *Id.* at 11.

---

[7] Magistrate Judge Stewart did not consider Plaintiff's allegation that C.O. Goff was present when he was assaulted a second time off camera, *see* Dkt. No. 27 at 5, because Plaintiff raised this claim "for the first time" in his Opposition. Dkt. No. 29 at 9-10 n. 3 (citing *Pope v. Cnty. of Albany*, No. 1:11-cv-0736 (LEK/CFH), 2014 WL 316703, at *10 (N.D.N.Y. Jan. 28, 2014)).

[8] The Court also notes that on January 12, 2023, Defendants provided their initial disclosures to Plaintiff, pursuant to Fed. R. Civ. P. 26(a)(1), Dkt. No. 21-5 at 4-8, and in his Opposition, Plaintiff admitted that he had "a paper in [his] discover[y] that let [him] know all of the C.O.s who'd hit [him]." Dkt. No. 27 at 7.

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

**IV.   CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 29, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' Motion, Dkt. No. 21, is **GRANTED in part and DENIED in part**.  Defendants' Motion is **GRANTED** as to Plaintiff's claims against Defendant C.O. Goff and the Doe Defendants, which claims and Defendants are **DISMISSED**.  Defendants' Motion is **DENIED** as to Plaintiff's Eighth Amendment claims for sexual assault and excessive force against Defendant C.O. Phillips; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**DATED:  February 8, 2024**
         **Albany, NY**

Anne M. Nardacci
U.S. District Judge